UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
99 JUN 30 PM 3: 11
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 30 1999

| | | |
|---|---|---|
| CYNTHIA MILLIRONS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 97-L-3287-M |
| QUORUM HEALTH GROUP, INC.; CONTINENTAL CASUALTY COMPANY/CNA INSURANCE COMPANIES, INC.; and GAIL SANDERS, | ) ) ) | |
| Defendants. | | |

## MEMORANDUM OPINION

The plaintiff Cynthia Millirons ("Millirons") brings this action under 29 U.S.C. § 1132(a)(1)(B) claiming that defendants Continental Casualty Company ("CNA") and Quorum Health Group, Inc. ("Quorum") failed to provide the disability benefits due to Millirons under a long term disability contract and that defendants breached their ERISA fiduciary duties under 29 U.S.C. § 1132(a)(3) on Milliron's claim for benefits.

Before the court is defendant CNA's Motion For Summary Judgment, filed February 25, 1999, and defendant Quorum's Motion For Summary Judgment, filed February 26, 1999. The motions were taken under submission as of March 26, 1999. After careful consideration of the briefs and evidentiary materials submitted, the court finds that both defendants'

41

motions are due to be GRANTED and the action will be dismissed with prejudice.

Facts

In April, 1995, Quorum purchased a medical clinic owned by Dr. Bruce Deiner of which plaintiff Millirons was an employee. At that time, Millirons became an employee of Gadsden Regional Primary Care Inc., affiliates of Quorum. Quorum is the parent company and sole shareholder of Quorum, Inc., which is the sole shareholder of Gadsden Regional Primary Care Inc.. Quorum provides long term disability benefits to its employees and employees of certain affiliated companies through a contract of insurance ("the Contract") with CNA. The long term disability coverage referenced in Ms. Millirons' complaint is the Contract between CNA and Quorum. The Contract's Pre-existing Condition provision allows the plan administrator, CNA, to deny claims for long term disability benefits for any condition (1) for which an insured person seeks medical treatment or advice during the twelve months immediately preceding the effective date of coverage, and (2) that causes disability within the first twenty-four months of coverage. Quorum's role under the plan has been to negotiate premiums, educate employees on the terms of the plan, offer the plan to employees, and assist employees in filing claims for benefits. Because the plan is fully insured, Quorum has no authority to decide whether claims should be paid or denied, and no financial loss if claims are paid. CNA has made all decisions regarding coverage and eligibility for benefits under the Long Term Disability Plan ("LTD Plan"), including the decision to deny claims.

In December of 1995, Gale Sanders, the Human Resources Director at Gadsden Regional Primary Care Inc., met with the employees of Dr. Deiner's clinic to present the different types of insurance benefits that Quorum offered. During her presentation, Ms. Sanders gave all of the employees a packet of information, which included a document entitled, "Quorum and You, Benefits Partners, Flexible Benefits Program." The Flex Document discusses the LTD Plan on pages five and six of the document. Included in that discussion is the following paragraph relating to pre-existing conditions:

> Benefits are not provided for a disability which begins during the first twelve months of coverage, if the disability is connected to a disease or injury for which you received treatment, services, or prescribed drugs during the three months before coverage begins.

Ms. Millirons admits that she read the Flex Document before signing up for the LTD Plan. Ms. Millirons enrolled in the LTD Plan, and her effective date of coverage was January 1, 1996. On July 7, 1996, just over seven months after she became covered under the LTD Plan, Ms. Millirons quit working for Quorum. Ms. Millirons filed a claim for long-term disability benefits on November 21, 1996, claiming to be disabled from chronic lymphocytic leukemia as of July 14, 1996.

CNA learned that Ms. Millirons had been diagnosed with chronic lymphocytic leukemia in 1994 and had been treated for leukemia within the three months prior to the date that coverage began. On January 25, 1995, Dr. Peter Emanuel performed laboratory tests and a bone marrow biopsy relating to Ms. Millirons' diagnosis of chronic lymphocytic leukemia. Ms. Millirons saw Dr. Emanuel again on May 17, 1995, and laboratory blood tests

were performed to monitor Ms. Millirons' condition. Ms. Millirons next visited Dr. Emanuel on November 1, 1995, and laboratory work was performed again to monitor the status of Ms. Millirons' blood cell counts. Dr. Emanuel's notes indicate that he would continue to monitor the status of her chronic lymphocytic leukemia. CNA denied her claim for benefits because she failed to work through the waiting period for pre-existing conditions. Ms. Millirons sought an administrative review of CNA's denial of long term disability benefits, and CNA denied Ms. Millirons' claim on administrative appeal.

## Analysis

### I. 29 U.S.C. §1132(a)(1)(B) Claim For Disability Benefits

In determining whether the motion for summary judgment should be granted as to plaintiff's claim for benefits in this case, the arbitrary and capricious standard of review applies. The language of Quorum's Welfare Benefit Plan document contains language sufficient to establish CNA's authority to find facts and construe the terms of the LTD plan. Under the arbitrary and capricious standard of review, this Court is limited to deciding whether CNA's interpretation of the Plan was made rationally and in good faith. Cagle v. Bruner, 112 F.3d 1510, 1518 (11th Cir. 1997).

It is undisputed that Ms. Millirons was diagnosed with chronic lymphocytic leukemia in December 1994, well before her effective date of coverage, January 1, 1996. It is also undisputed that Ms. Millirons claims to be disabled as of July 16, 1996, only six and one-half months after her effective date of coverage, well before the expiration of the twenty-four

month waiting period. The Court finds that Ms. Millirons received medical treatment or advice for her chronic lymphocytic leukemia during the twelve month period prior to her effective date of coverage, January 1, 1995 and December 31, 1995, and that Ms. Millirons' disability related to a pre-existing condition as defined by the Contract and Quorums' Flex Document discussing the LTD Plan. Therefore, this Court finds that CNA was not arbitrary or capricious in denying Ms. Milliron's claim for disability benefits, and summary judgment is due to be granted in favor of defendant CNA on the disability benefits claim.

Under the LTD Plan, Quorum has no authority to review any such claims to determine whether they should be paid, as it delegated that authority to CNA. Because the insurance policy obligates CNA to pay any claims for benefits for loss covered by this policy, Quorum has no duty to pay any claims for benefits under the plan. Accordingly, the Court finds that summary judgment is due to be granted in favor of defendant Quorum on the disability benefits claim.

II.  29 U.S.C. § 1132 (a)(3) Breach of Fiduciary Duty Claim

Section 502 (a)(3) of the ERISA statute is a catchall provision that provides an individual remedy for plaintiffs only where a participant has no other remedy under ERISA's civil enforcement provision. Varity Corp. v. Howe, 516 U.S. 489, 514 (1996). As discussed in this Court's Order filed June 12th, 1998, "if the plaintiff has a cognizable cause of action for benefits under § 1132(a)(1)(B), then the plaintiff's § 1132(a)(3) claim will be dismissed

with prejudice." The Court finds that Ms. Millirons' claim to recover benefits from CNA under the Contract pursuant to ERISA § 502(a)(1)(B) is a cognizable cause of action, and that her claim under § 502(a)(3) is improper and due to be dismissed as a matter of law. Therefore, the Court finds that summary judgment is due to be GRANTED in favor of defendants CNA and Quorum on the § 1132(a)(3) claim for breach of fiduciary duty.

## Conclusion

No genuine issues of material fact exist with regard to any claims in this case. Therefore, this court concludes that defendants CNA and Quorum are entitled to summary judgment on all claims. A judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

Done this 30th day of June, 1999.

*[signature]*
SENIOR JUDGE